IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| TINKERS & CHANCE, a Texas partnership | § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-349 |
| LEAPFROG ENTERPRISES, INC., a Delaware corporation | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Plaintiff Tinkers & Chance, an alleged Texas partnership, sued LeapFrog Enterprises, Inc., (hereinafter "LeapFrog"), a Delaware corporation, for allegedly infringing United States Patent No. 6,739,874 (hereinafter "the '874 patent"). LeapFrog moves this Court to transfer venue to the Northern District of California under 28 U.S.C. § 1404(a). After reviewing the parties' briefs and applicable case law, this Court DENIES LeapFrog's motion.

**II.    Facts**

Tinkers & Chance is a partnership comprised of two lawyers, Warren Heit (hereinafter "Heit") and Brian Marcus (hereinafter "Marcus"). The partnership licenses the use of a number of patents granted to Heit and Marcus for "educational learning tools." Original Complaint for Patent Infringement and Demand for Jury Trial at 2. One of the patents managed by Tinkers & Chance is the '874 patent, entitled "Electronic Educational Toy Appliance Teaching Letters Words and Numbers" issued on May 25, 2004. Tinkers & Chance claims that the LeapPad® and Leapster™ products manufactured and marketed by LeapFrog infringe certain claims of the '874

patent. LeapFrog denies infringing any claims of the '874 patent and makes a strong effort in its Motion to Transfer Venue to the Northern District of California to characterize and prove Tinkers & Chance to be a California partnership instead of a Texas partnership located in the Eastern District of Texas.

### III.  Applicable Law and Discussion

Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is within the sound discretion of the Court to decide to transfer venue. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In considering a motion to transfer, courts employ a two-prong test. First, a court must determine whether the claim could have been filed in the district to which the movant seeks a transfer. *Id.* Second, a court must examine "factors which fall into two groups: (1) those relating to the convenience of the litigants, and (2) those relating to the public interest in the fair and efficient administration of justice." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000) (quoting *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). However, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987); *see also HolyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999) ("A transfer of venue for the convenience of the parties normally requires that the court give great weight to the plaintiff's choice of forum and then weigh the convenience of both parties.").

The factors relating to the convenience of the litigants include: "(1) the relative ease of

access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203. The factors relating to the public interest in the fair and efficient administration of justice include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* No one factor is given dispositive weight, including the plaintiff's choice of forum. *Id.*; *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

### A. Venue in the Northern District of California

A patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). LeapFrog is subject to personal jurisdiction in the Northern District of California because its principal place of business is located in Emeryville, California. Therefore, LeapFrog resides in the Northern District of California and Plaintiff Tinkers & Chance could have filed the present action in that district.

### B. Access to Sources of Proof

LeapFrog alleges the Northern District of California is a more convenient forum because all relevant documents are located in San Francisco, Emeryville, or Los Altos Hills, California. Tinkers & Chance claims all its relevant documents are located in its offices in the Eastern District of Texas. This Court has previously stated that accessibility and location of sources of

proof "are of only slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information and this Court's mandatory disclosure obligations under Local Rule CV-26 and the additional requirements in the case's Discovery Order."  *Cummins-Allison Corp. v. Glory Ltd.*, No. 2:03-CV-358TJW, 2004 WL 1635534, at *6 (E.D. Tex. May 26, 2004).  LeapFrog has not alleged any problems or difficulty in producing relevant documents in the Eastern District of Texas.  Therefore, this factor is neutral regarding a transfer.

### C. Compulsory Process to Secure the Attendance of Witnesses

The only potential witnesses LeapFrog alleges are not subject to compulsory process are members of Kerlin Capital, a California entity that LeapFrog argues is a part owner of Tinkers & Chance and who participated in Tinkers & Chance's licensing efforts.  Tinkers & Chance denies Kerlin Capital is a part owner of Tinkers & Chance and that a non-disclosure agreement between the parties limits the discoverability and admissibility of any relevant information possessed by Kerlin.  The Court rejects LeapFrog's arguments.  First, this Court will order the production of all relevant documents and evidence, without regard to any private non-disclosure agreements between the parties.  Any confidential material shall be produced under a protective order.  Second, this Court will expect Tinkers & Chance to produce witnesses or documents that are subject to its control, even those in the hands of a third party.  The unsettled nature of facts relevant to this factor do not support a transfer.

### D. Cost of Attendance

Other courts have held "the convenience of witnesses may be considered 'the most powerful factor governing the decision to transfer a case.'"  *Barton v. Young*, 144 F. Supp. 2d

685, 688 (E.D. Tex. 2001)(quoting *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)). However, "it is the convenience of the non-party witnesses rather than employee witnesses that is the more important factor and is accorded greater weight." *Cummins-Allison Corp.*, 2004 WL 1635534, at *6. LeapFrog makes only a general argument that the Northern District of California would be a more convenient forum for witnesses. "As the party seeking transfer, [the] Defendant must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 574 (E.D. Tex. 2004). LeapFrog has not specified any potential witnesses for whom the cost of attending trial in the Eastern District of Texas would be an issue. Therefore, this issue is neutral regarding transfer.

### E. Other Practical Problems

LeapFrog has not identified any other practical problems resulting from litigating the present case in the Eastern District of Texas. Therefore, this factor is neutral regarding transfer.

### F. Administrative Difficulties

LeapFrog has not identified any problems regarding administrative difficulties resulting from venue in the Eastern District of Texas. Therefore, this factor is neutral regarding transfer.

### G. Local Interest

LeapFrog argues that the factor of the local interest in adjudicating local disputes and the unfairness of burdening citizens in an unrelated forum particularly weighs in favor of a transfer to the Northern District of California. According to LeapFrog, the Northern District of California has a much greater connection to the present suit because Tinkers & Chance is a partnership composed of two California lawyers who invented a product, prosecuted a patent for

that product, and attempted to license the granted patent from the Northern District of California. LeapFrog is also located in the Northern District of California. Despite the events that took place in California, "the admitted sale of . . . allegedly infringing products in the Eastern District of Texas, Marshall Division, is an event that is significant and relevant to this action." *Cummins-Allison Corp.*, 2004 WL 1635534, at *5. This District has an interest in enforcing United States patent laws in its jurisdiction, and potential acts of infringement also have an effect on the economy of the Eastern District of Texas. Due to the interests of both Districts, this factor does not support a transfer.

### H.  Familiarity of the Forum With Governing Law

LeapFrog has not alleged this forum lacks of familiarity with the patent and other governing laws. The Eastern District of Texas and the Northern District of California handle some of the most active patent dockets in the nation. Therefore, this factor is neutral regarding a transfer.

### I.  Unnecessary Problems of Conflict of Laws

LeapFrog has not alleged any unnecessary problems resulting from a conflict of laws. Therefore, this factor is neutral regarding a transfer.

## IV.  Conclusion

The factors analyzed by this Court are either neutral or weigh against transfer. After considering all the listed factors, this Court DENIES Defendant LeapFrog Enterprises, Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). LeapFrog has not been able to rebut the strong presumption in favor of Tinkers & Chance's choice of forum. Furthermore, while LeapFrog attempted in its Motion to characterize and prove Tinkers & Chance to be a California

partnership, this Court determines that even if one assumes Tinkers & Chance to be a California partnership, the location of Tinkers & Chance in California would not rebut the strong presumption in favor of Tinkers & Chance's choice of forum.

SIGNED this 23rd day of February, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE